IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEODORE BRITTON YATES,

    Plaintiff,                    No. CIV S-10-3133 DAD (TEMP) P

    vs.

DEPARTMENT OF MOTOR
VEHICLES CALIFORNIA,

    Defendants.          <u>ORDER</u>
_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 2, 2011, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1    In order to avoid dismissal for failure to state a claim a complaint must contain
2 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
3 of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
4 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
5 statements do not suffice." Ashcroft v. Iqbal, , ___U.S.___, ___,129 S. Ct. 1937, 1949 (2009).
6 Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550
7 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows
8 the court to draw the reasonable inference that the defendant is liable for the misconduct
9 alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon
10 which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551
11 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see
12 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

13    In his complaint plaintiff alleges as follows.  His driver's license was suspended
14 in 1989 for driving under the influence.  He sought reinstatement of his driver's license from the
15 California Department of Motor Vehicles because he wishes to obtain employment as a truck
16 driver when paroled.  For reasons which plaintiff's complaint does not make clear, his request for
17 reinstatement of his license was rejected by that department on June 11, 2010.  Plaintiff claims
18 that his right to due process under the Fourteenth Amendment has been violated and that he has
19 been discriminated against by defendant for being a convicted felon.   Plaintiff seeks damages
20 and issuance of his driver's license.  He names the California Department of Motor Vehicles and
21 Governor Jerry Brown as defendants.

22    Plaintiff cannot proceed for damages against either defendant.  Governor Brown
23 did not have any personal involvement in the denial of plaintiff's driver's license, accordingly he
24 cannot be found liable under 42 U.S.C. §1983.  See Ivey v. Board of Regents, 673 F.2d 266, 268
25 (9th Cir. 1982) (there must be a direct connection between the actions of the defendant and the
26 alleged deprivation of a federal right to state a claim under 42 U.S.C. § 1983).  As an agency of

the State of California, California Department of Motor Vehicles has 11th Amendment immunity from suits for damages. Alabama v. Pugh, 438 U.S. 781 (1978).

To obtain injunctive relief, a plaintiff must show, among other things that he is in immediate danger of sustaining some direct injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983). Plaintiff does not allege, and it is not reasonable to assume, that plaintiff has been injured in any way by not having a valid driver's license while in prison. Moreover, plaintiff does not suggest that he will be released from prison during a time frame which could be considered "immediate" or that he will not be able to obtain a driver's license within a reasonable period of time after being released from prison. Because plaintiff has not alleged facts showing that there is an immediate threat of injury if the court does not order his driver's license reinstated at this time, he is not entitled to injunctive relief.

In any case, nothing suggests plaintiff has been denied due process or unlawfully discriminated against. As for plaintiff's due process claim, at least one court has found that a prisoner has no freestanding right arising under the Due Process Clause to a driver's license. See Dominique v. Weld, 880 F. Supp. 928, 939 (D. Mass. 1995). This court sees no reason to depart from that ruling here. Plaintiff has failed to point to any authority in his complaint suggesting that he has a right arising under state law to a driver's license which is entitled to federal due process protection.

Any claim that plaintiff might have based upon discrimination would arise under the Equal Protection Clause under the Fourteenth Amendment. Generally speaking, if state action does not concern a fundamental right or target a suspect class, it will not be held to be a violation of the Equal Protection Clause as long as the action is rationally related to some legitimate end. Romer v. Evans, 517 U.S. 620, 632 (1996). Plaintiff does not have a fundamental right under the Constitution to operate a motor vehicle, Miller v. Reed, 176 F.2d 1202, 1206 (9th Cir. 1999), convicted felons are not members of a suspect class, e.g. U.S. v. Wicks, 132 F.3d 383, 389 (7th Cir. 1997) and it is rational for a state to not issue driver's

licenses to prisoners since, absent some extraordinary circumstance, they are not free to drive a motor vehicle while imprisoned.

Under certain circumstances, the court would grant plaintiff further leave to amend in an attempt to cure these deficiencies in the first amended complaint. Because there appears to be no possibility of plaintiff stating any federal claim upon which he could proceed against the defendants identified in his amended complaint or that he could state a valid claim against any person based on the alleged denial of his recent application for renewal of his driver's license, this action will be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted; and

2. This case is closed.

DATED: April 7, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kc
brit3133.dis

4